Filed 8/28/15  P. v. Sosa CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EDDIE LEON SOSA,<br><br>    Defendant and Appellant. | B259481<br><br>(Los Angeles County<br>Super. Ct. No. ZM019903) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Norman J. Shapiro, Judge.  Affirmed.

Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant, Eddie Leon Sosa.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Michael R. Johnsen, and Wyatt E. Bloomfield, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Eddie Leon Sosa appeals from an order following a jury trial finding him to be a sexually violent predator (SVP) under the Sexually Violent Predators Act (Welfare & Institutions Code § 6600 et seq.) (SVPA) and committing him to the Department of Mental Health (DMH) for an indeterminate term. We affirm. We hold that under *Moore v. Superior Court* (2010) 50 Cal.4th 802 (*Moore*), there is no due process right to be restored to trial competency for purposes of SVP proceedings.

## FACTS AND PROCEEDINGS BELOW

In 1996, Sosa was convicted of one count of forcible rape with the use of a deadly weapon, and was sentenced to 20 years in prison. In 2012, prior to Sosa's release from prison, the Los Angeles County District Attorney filed a petition for Sosa to be committed as an SVP. A jury determined that Sosa was indeed an SVP, and the court committed him to the Department of Mental Health for an indeterminate term.

On several occasions throughout the proceedings, Sosa's attorney requested that the proceedings be stayed so that the court could hold a mental competence hearing and determine whether Sosa was competent to stand trial and able to assist counsel in his defense. The court denied these requests on the grounds that a defendant need not be competent to stand trial for purposes of a hearing under the SVPA. (*Moore*, *supra*, 50 Cal.4th at p. 829.)

## DISCUSSION

Sosa contends, in the only issue he raises on appeal, that he was denied due process because the trial court denied his counsel's requests for a hearing to determine his competency to stand trial. *Moore* holds that a defendant need not be competent to stand trial for a proceeding under the SVPA. (*Moore v. Superior Court*, *supra*, 50 Cal.4th at p. 829.) As Sosa acknowledges, *Moore* is a decision of the California Supreme Court, a court of superior jurisdiction, and we are required to follow it under principles of *stare decisis*. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 454-455.)

For this reason, the order of the trial court is affirmed.

2

## DISPOSITION

The order is affirmed.

<u>NOT TO BE PUBLISHED</u>.


ROTHSCHILD, P. J.

We concur:


CHANEY, J.


MOOR, J.[*]

---

[*]      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.